**Abdul RASHID, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73809.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Michael W. Schoenleber, Esq., Schoenleber & Waltermire, Sacramento, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virna L. Santos, Esq., Office of the U.S. Attorney, Fresno, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Abdul Rashid, a native and citizen of Pakistan, petitions for review of the Board

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and review claims of due process violations de novo, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The agency determined that Rashid was not credible. The record does not compel a contrary conclusion. Rashid failed to describe in his asylum application, or during his initial asylum hearing, a 1986 incident in which he was arrested and mistreated by police on account of his political activities. Further, Rashid's claim that he was beaten and tortured by police in 1986 is inconsistent with his testimony that he was not injured. *See Chebchoub*, 257 F.3d at 1043 (explaining that one material inconsistency can be sufficient to support an adverse credibility determination). Because these discrepancies go to the heart of Rashid's asylum claim, substantial evidence supports the agency's adverse credibility finding. *See id.* The agency adequately considered Rashid's explanations for the discrepancies. *See Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir.2003) (upholding IJ's determination that petitioner's explanation was unlikely). Finally, the record does not support Rashid's contention that translator errors influenced the outcome of the proceedings. *See Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994).

In the absence of credible testimony, Rashid failed to demonstrate eligibility for asylum, withholding of removal, or protection under the CAT. *See Farah v. Ash-*

*croft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**